IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| TIMOTHY PAUL MARTIN, § | | |
| Petitioner, § | | |
| § | | |
| VS. § | | C.A. NO. C-97-414 |
| § | | |
| NATHANIEL QUARTERMAN, § | | |
| Director TDCJ-CID, § | | |
| Respondent. § | | |

## AMENDED[1] MEMORANDUM AND RECOMMENDATION
## TO DENY WITHOUT PREJUDICE PETITIONER'S MOTION TO REOPEN

### I. BACKGROUND

Petitioner is an inmate in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID), and he is currently incarcerated at the Mark Stiles Unit in Beaumont, Texas. Proceeding *pro se*, petitioner filed a § 2254 petition challenging a conviction and twelve-year sentence imposed in Bee County, Texas, for the felony offense of aggravated assault on a correctional officer (D.E. 31). The petition was denied and final judgment entered on February 11, 1998 (D.E. 43, 44). Petitioner filed a notice of appeal (D.E. 47), but the Fifth Circuit denied his request for a certificate of appealability on December 21, 1998 (D.E. 60).

Eleven years later, on December 18, 2009, petitioner filed a motion for relief from judgment (D.E. 63, 64). In it he appears to be claiming he is entitled to relief based upon fraud and newly discovered evidence. Petitioner claims that he recently learned, from an

---

[1] Amendment is limited to the section on Certificate of Appealability and the corresponding recommendation.

employee of the Parole Division, a Mrs. Crater, that TDCJ views his sentence for this offense as "stacked" and "aggravated" in violation of his plea agreement. He was promised, as a part of his plea bargain, that even though the law required his sentence for this offense to be served consecutively, it could be served consecutive to his twenty year sentence instead of to his life sentence, and the net effect would be that he would have no additional time to serve (See D.E. 32 at 4; D.E. 63 at 2-3). Petitioner also claims that Mrs. Crater agreed, after petitioner described the offense to him, that petitioner had been insane at the time of the offense and that he had been defending himself (D.E. 63 at 2-3). Petitioner further states that in September of last year, while at the Stiles Unit, he spoke with a guard, Denise Quarterman, who had worked at the McConnell Unit when the assault occurred, and she advised petitioner that she and other McConnell Unit personnel believed Martin was insane when he committed the assault (D.E. 63 at 3). Petitioner claims that all of this new evidence demonstrates that valuable information was withheld from him and his attorney, constituting a fraud, and that his attorney was ineffective for failing to move the trial court for a forensic examination on his sanity (D.E. 63 at 3). It is respectfully recommended that petitioner's motion be denied.

## II. DISCUSSION

A motion which challenges a prior judgment on the merits is treated either as a motion to alter or amend the judgment under Rule 59 or a motion for relief from judgment under Rule 60(b). *Ford v. Elsbury*, 32 F.3d 931, 937 n. 7 (5th Cir. 1994). If the motion is filed within ten days of entry of judgment the motion falls under Rule 59. *Id.* If it is filed after that, it falls under Rule 60(b). *Id.*

Because petitioner's motion was filed more than ten days after entry of judgment, the motion is treated as a motion for relief from judgment pursuant to FED. R. CIV. P. 60(b).

Rule 60(b), Federal Rule of Civil Procedure, is set forth below:

(b) **Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

Petitioner argues that he is entitled to have the judgment reopened because of newly discovered evidence, fraud, and misrepresentation. Even assuming for purposes of this motion that petitioner could prove that there is newly discovered evidence, fraud, or misrepresentation, a motion raising these grounds must be filed within one year of entry of judgment. FED. R. CIV. P. 60(c)(1). Eleven years have passed. Petitioner's motion is untimely and must be denied.

But more importantly, in the habeas context, Rule 60(b) motions which raise new claims for relief are to be treated as successive habeas petitions. *Ruiz v. Quarterman,* 504 F.3d 523, 526 (5th Cir. 2007); *Fierro v. Johnson*, 197 F.3d 147, 151 (5th Cir. 1999); *United States v. Rich*, 141 F.3d 550, 551-52 (5th Cir. 1998), *cert. denied,* 526 U.S. 1011, 119 S.Ct.

3

1156 (1999). In order to bring these claims, petitioner must demonstrate that his claims fall within one of the exceptions listed in 28 U.S.C. § 2244(b)(2), *and* petitioner must obtain permission of the Fifth Circuit Court of Appeals to file his claims.[2] 28 U.S.C. § 2244(b)(3). To the extent that petitioner is claiming that his attorney was ineffective for failing to raise the issue of insanity, and to the extent that petitioner is claiming that the plea agreement was breached, the District Court does not have jurisdiction to address petitioner's claims until petitioner obtains the permission of the circuit court to proceed.[3]

### Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Except in limited circumstances not applicable to this case, in order to appeal a denial of a Rule 60(b) motion, petitioner must obtain a certificate of appealability (COA). *Ochoa-Canales v. Quarterman*, 507 F.3d 884, 888 (5th Cir. 2007). Although petitioner has not yet filed a notice of appeal, the issue of whether he is entitled to a COA will be addressed. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000)(a district

---

[2] Petitioner will also have to demonstrate that he exhausted his administrative remedies, and he must overcome the limitations bar. 28 U.S.C. § 2254(b)(1)(A); 28 U.S.C. § 2244(d)(1).

[3] Petitioner has not argued that the manner in which TDCJ-CID is executing his sentence is illegal. Such a claim would not be considered successive requiring permission of the Fifth Circuit to proceed. *See Crone v. Cockrell*, 324 F.3d 833, 837 (5th Cir. 2003); and *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998). If petitioner wishes to make this type of claim, he must first exhaust all available state court remedies before filing a new federal habeas petition. As mentioned earlier, the Court cannot grant petitioner relief from this judgment based upon Rule 60(b) and newly discovered evidence because over one year has passed since judgment was entered.

court may *sua sponte* rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

Where a district court rejects the constitutional claims on the merits, the petitioner must show that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. Slack v. Daniel, 529 U.S. 473, 484, 120 S.Ct. 1604, 146 L.Ed.2d 542 (2000). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327, 123 S.Ct. at 1034.

A slightly different standard applies when the claims are dismissed on procedural grounds. In that instance, a petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 120 S.Ct. at 1604, 529 U.S. at 484 (emphasis added).

5

A slightly different standard applies when the claims are dismissed on procedural grounds. In that instance, a petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 120 S.Ct. at 1604, 529 U.S. at 484 (emphasis added).

In petitioner's case, it is recommended that petitioner's Rule 60(b) motion be denied on procedural grounds. Jurists of reason would not find it debatable that petitioner's motion is a successive petition. Accordingly, it is respectfully recommended that the Court find Petitioner is not entitled to a certificate of appealability.

### III.  RECOMMENDATION

Based on the foregoing, it is respectfully recommended that petitioner's motion for relief from judgment (D.E. 63) be DENIED without prejudice so that petitioner may seek the permission of the circuit court to raise his claims. It is respectfully recommended that a certificate of appealability be denied.

Respectfully submitted this 11th day of January, 2010.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

## **NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1)(C) and Article IV, General Order No. 80-5, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Servcs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).